IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Wiley Y. Daniel

Civil Action No. 07-cv-01169-WYD

CODY MATLACK,

    Applicant,

v.

RON WILEY, Warden,

    Respondent.

ORDER OF DISMISSAL

    Applicant Cody Matlack currently resides at Independence House, a half-way house, in Denver, Colorado. Mr. Matlack has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a disciplinary conviction that resulted in his regression from the halfway house to prison on October 12, 2006. In the Application, Mr. Matlack alleges that his equal protection rights were violated when the same Breathalyzer and urine test were used to test two different halfway-house residents, including himself and one other person. Mr. Matlack asserts that the tests showed two different findings for the same test, including that he tested positive for alcohol, while the other person tested positive for opiates.

    Applicant also contends that the incident report involving his positive alcohol test was not provided to him in a timely manner, in violation of the United States Bureau of Prisons (BOP) Program Statement 5270.04, and that he was barred from confronting his accusers or presenting evidence on his behalf. Mr. Matlack claims that he has

exhausted his administrative remedies.  As relief, he asks that Respondent release him from custody, return him to the halfway house, and restore his lost time.

The Court must construe the Application and the Memorandum in Support of Application liberally because Mr. Matlack is a **pro se** litigant.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Application and Memorandum reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  **Hall**, 935 F.2d at 1110.  However, the Court should not act as a **pro se** litigant's advocate.  **See id.**

Mr. Matlack alleges that he had been a resident at a halfway house in Denver since May 30, 2006, when, on October 1, 2006, he was subjected to a Breathalyzer and a urine test and tested positive for alcohol.  (Mem. at 3.)  Applicant contends that the same test was used for another resident on the same day, and the results of Applicant's test and the other resident's test were different.  (Mem. at 3.)  Mr. Matlack further asserts that he then, on October 12, 2006, was placed at the Federal Detention Center due to the failed test.  (Mem. at 3.)  According to the Response and Attachment Eleven, Applicant was found guilty of ingesting alcoholic products and was ordered transferred to a more secure BOP facility on November 7, 2006.

Applicant also asserts that the incident report is dated October 5, 2006, but he did not receive a copy until October 16, 2007.  (Mem. at 3.)  He further states that the copy was incorrect and was signed and delivered to him by an unknown person.

(Memo at 3.)  Mr. Matlack further asserts that on October 17, 2007, he received an altered copy of the report. (Mem. at 3.)  Applicant also states that he was taken from the halfway house and was not allowed to confront his accusers. (Mem. at 3.)

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994).  Mr. Matlack does not allege that he was deprived of life or property at his disciplinary hearing.  Therefore, he was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest.  The existence of a liberty interest depends upon the nature of the interest asserted. **See Sandin v. Conner**, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss. **See Morrissey v. Brewer**, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise under the United States Constitution or prison regulations. **See Sandin**, 515 U.S. at 483-84.  The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. **Meachum v. Fano**, 427 U.S. 215, 225 (1976); **Templeman**, 16 F.3d at 369.  Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. **Meachum**, 427 U.S. at 224.

Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." **Sandin**, 515 U.S. at 484.  Mr. Matlack alleges no facts that indicate he is subjected to

-3-

any atypical and significant hardship in relation to the ordinary incidents of prison life as a result of his regression to prison. **See id.** at 487.

Even if the Court were to assume that Mr. Matlack has a constitutionally protected liberty interest in his regression to prison, he was not denied due process in his disciplinary proceeding. Constitutionally adequate due process at a prison disciplinary hearing requires that a prisoner be provided with advance written notice of the charges, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. **See Wolff v. McDonnell**, 418 U.S. 539, 563-66 (1974); **Smith v. Maschner**, 899 F.2d 940, 946 (10th Cir. 1990).

Constitutionally adequate due process at a prison disciplinary hearing does not require that Mr. Matlack be informed of every detail of the charges against him or that he know who actually committed the offense so that he can prepare what in his opinion is the best defense. It only requires that he be informed of the charges to enable him to marshal the facts and prepare a defense. **Wolff**, 418 U.S. at 564.

Due process also requires that there be some evidence to support the disciplinary hearing findings. **Superintendent, Mass. Correctional Inst., Walpole v. Hill**, 472 U.S. 445, 454 (1985); **Mitchell v. Maynard**, 80 F.3d 1433, 1445 (10th Cir. 1996). "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there

is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445. "Prison disciplinary proceedings, however, are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556.

Under *Wolff*, minimum due process requirements do not include a right to confront an accuser. Only under *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), which provides minimum due process requirements for those individual who's parole has been revoked, would an individual have the right to confront his accusers. Here, Plaintiff had not begun his period of supervised release, and unlike a parolee he was not subject to a greater degree of freedom from restraint. Mr. Matlack did not have the expectation of the freedom that a parolee would have. Mr. Matlack was prohibited from alcoholic beverage consumption and from entering any bar or liquor store. (Resp. at 5-6.) Applicant was subject to further restrictions including house confinement except for employment. (Resp. at Attach. 8.) Therefore, Mr. Matlack's claim that he was denied his right to confront his accusers lacks merit and will be denied.

Upon review of the Application and Memorandum and the Response that Respondent filed with the Court, I find that Mr. Matlack's false evidence claim lacks merit. Although Mr. Matlack suggests that somehow his Breathalyzer and urine tests were commingled with another resident's, and the tests had different results, Applicant provides no evidence of such an error. Furthermore, to the contrary, I find that

documents attached to Applicant's Memorandum and to Respondent's Response show that Mr. Matlack's U/A report was based on specimen # 290897 and the other resident's U/A report was based on specimen # 290857.  (Mem. at Attachs.)  Also, in the response provided to Applicant by the BOP regional director in Applicant's administrative remedy appeal, the regional director stated that a bar code specimen number is assigned to each individual's specimen, and the results are reported by the laboratory by specimen number.  (Mem. at Attachs.)  Applicant provides no evidence that the specimen relied upon to prove he tested positive for alcohol was invalid

I also find that Mr. Matlack confirms in his statement at the disciplinary hearing that he was sick and had taken some Nyquil prior to the test.  (Resp. at Attach. 11, p. 3.)  I further find that Applicant signed a statement at the time he became a resident at the halfway house that restricted him from consumption of alcoholic beverages, which included over the counter medications such as Nyquil.  (Resp. at 5. and Attach. 5.)  Mr. Matlack also signed a Conditions of Confinement form when he was approved for home confinement status in which he acknowledged he was not allowed to drink alcoholic beverages of any type.  (Resp. at Attach. 8.)  Evidence exists to find that Applicant was guilty of consuming some liquid that contained alcohol in violation of his conditions for a halfway house and for home confinement status.  I, therefore, find sufficient evidence in the record that supports the conclusion reached by the disciplinary committee.

As for Mr. Matlack's claim that prison staff violated his constitutional rights by delaying his receipt of a copy of the incident report the claim is meritless.  Applicant contends that he did not receive notice of the infraction that he had committed within

twenty-four hours after the infraction had occurred.  (Mem. at 4.)  Mr. Matlack contends that failure to provide him notice of the infraction within twenty-four hours violates the rules set forth in BOP Program Statement 5270.04.

In ***Hovater v. Robinson****,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing ***Davis v. Scherer****,* 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation."  Under ***Wolff***, all Applicant is entitled to is an advance written notice of the charges, which Applicant claims he received on at least October 16, 2006.  Although documentation on the incident report form shows that the date the incident report was given to Applicant was October 12, 2007, Mr. Matlack disagrees with this date.  Nonetheless, he does affirm that he did receive notice of the charges within twenty-four hours of the disciplinary hearing that was held on October 17, 2007.  Applicant, therefore, has failed to state a denial of due process regarding his notice of the charges against him.

To the extent Mr. Matlack has a liberty interest in either the good-conduct time or his placement in a halfway house or home confinement, he was not denied due process in the disciplinary proceeding that resulted in the loss of the good-conduct time and his regression to prison.  Nonetheless, as of August 20, 2007, Mr. Matlack was returned to the halfway house where he was housed when the disciplinary action took place.  Therefore, I find that his request to be returned to a halfway house is moot.  As for his request that he be released and any lost time returned to him, the requests are denied.  The finding that he violated the alcohol policy is supported by sufficient evidence.  The disciplinary actions were justified.  Accordingly, it is

ORDERED that the Application is DENIED and the action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

Dated: November 16, 2007

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      U. S. District Judge